IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KEVIN L. TWILLIE, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil No. 09-13E |
| STATE OF OHIO, CLEVELAND F.B.I., PENNSYLVANIA, READING F.B.I., and PITTSBURGH, PENNSYLVANIA F.B.I., | ) ) ) ) |  |
| Defendants. | ) ) |  |

## OPINION

Pending before this Court is "Defendants' Motion to Dismiss Complaint" filed by all Defendants [Doc. # 11]. This motion was filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). For the reasons set forth below, we will grant the motion.

### I. Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

One of the Defendants' arguments is that Plaintiff Kevin L. Twillie's *pro se* complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

#### A. Standard of Review

The standard of review to be applied by the court in a Rule 12(b)(6) motion to dismiss was recently discussed by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). The Court stated:

1

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-1950.

Finally, because Plaintiff is a *pro se* litigant, his pleadings are to be "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), *quoting, Estelle v.*

2

*Gamble,* 429 U.S. 97, 106 (1976)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

### B. A *Bivens* Claim

While Twillie cites no specific statutory violations by the Defendants, we interpret his complaint as alleging a claim of harassment and retaliation under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999 (1971). In *Bivens,* the Supreme Court held that when federal agents violated a plaintiff's Fourth Amendment rights, damages could be awarded for the resulting injuries. *Bivens,* 403 U.S. at 396-97. We have jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. § 1331.

Our conclusion, that the action brought by Twillie is a *Bivens* claim, is premised upon the following allegations stated in the Plaintiff's complaint: (1) he was sentenced to an unreasonably long term of incarceration for indecent assault in 2006; (2) the Erie Police Department conspired to keep Twillie from accessing his luggage; (3) the Indiana and Ohio F.B.I. used informants to eavesdrop on Twillie; (4) the F.B.I. conspired to have a "hit" put out on Twillie in order to cause him to become a parapelegic; and (5) that the New York F.B.I. harassed or planned possible entrapment by spreading rumors about Twillie's sexual interest in minor boys and by orchestrating a situation in which a mother left her son to be watched by Twillie. Complaint, ¶¶ 2 - 4, 8, 10 -14. Moreover, based upon a review of Plaintiff's complaint, we read Twillie's allegations to be directed against the Federal Bureau of Investigation ("F.B.I.") and not individually named agents. For example, in the final paragraph of the complaint Twillie explicitly asks for relief from the F.B.I. agencies of various states along with "every other state that was involved on the complaints . . . ."

3

Complaint, ¶ 15. Additionally, in Twillie's Response to the Defendants' Motion to Dismiss, Twille repeatedly makes allegations against the F.B.I. in its entirety. *See* Response, pp. 1-2 ("The F.B.I. has been carrying on this investigation…the F.B.I. continues trouble to carry on… and it will be verified that Pittsburgh, PA's F.B.I. is aware of my complaints about the F.B.I."). While Twillie does offer vague descriptions and the names of some alleged F.B.I. informants and agents in his complaint and Response, we read these descriptions as attempts to convince this Court of his credibility and not to be stating individualized claims against any federal agents.

Relevant to the instant complaint, the plaintiff in *Bivens* brought claims against six named agents, and not the F.B.I. in its entirety. *Bivens,* 403 U.S. at 389. Subsequent to the *Bivens* decision, both the United States Supreme Court and the United States Court of Appeals for the Third Circuit have refused to extend the *Bivens* decision to include actions against a federal agency as opposed to individual federal agents. *Wilkie v. Robbins,* 127 S. Ct. 2588, 2598 (2007) (". . . [w]e have seen no case for extending *Bivens* to claims against federal agencies. . ."); *Lopez v. United States DOJ,* 2007 U.S. App. LEXIS 24156, at *3 (3rd Cir. 2007) ("The DOJ is a federal agency and the Supreme Court has held that federal agencies are not appropriate defendants for *Bivens* actions"). Indeed, numerous courts have held that a plaintiff cannot state a *Bivens* claim against the F.B.I. and dismissed or upheld dismissals of such claims. *See, for example, Murphy v. Gordwin,* 2007 U.S. App. LEXIS 30236, at *2 (9th Cir. Dec. 28, 2007) (concluding that the district court properly dismissed the claim against the F.B.I. "because *Bivens* does not provide a cause of action against a federal agency"); *Miller v. FBI,* 1998 U.S. App. LEXIS 15148, at *4-5 (6th Cir. July 1, 1998) (finding it was proper for the district court to dismiss *Bivens* claims against the FBI due to sovereign immunity); *Scott v. Louisville Metro Gov't,* 2008 U.S. Dist. LEXIS 44882, at *9 (W.D. Ky. June 6, 2008) (dismissing a

case against the Louisville FBI because "a *Bivens* action cannot be maintained against a federal agency, like the F.B.I.); *Lora-Pena v. FBI*, 2006 U.S. Dist. LEXIS 67878, at *6 (D. Del. 2006) (the FBI as an agency had sovereign immunity against a *Bivens* claim).

Since a *Bivens* claim cannot be brought against the F.B.I., Twillie has failed to state a claim upon which relief can be granted. The motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) must be granted, and Twillie's complaint dismissed.

### C. Leave to Amend the Complaint

Once a court has decided to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008):

> It does not matter whether or not a plaintiff seeks leave to amend. We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. In *Shane*[*v. Fauver*, 213 F.3d 113, 116 (3d Cir.2000)], we held that when dismissing for a failure to state a claim:
>
>> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Id. at 236 (citations omitted).

We further find the complaint cannot be cured to assert a proper *Bivens* claim against the Defendants. Therefore, any attempted amendments would be futile, and Plaintiff is not entitled

5

leave to amend the complaint. Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted is granted with prejudice.[1]

An appropriate Order follows.

July 15, 2009

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.,
Senior District Judge

---

[1] Given that we have granted Defendants' motion to dismiss pursuant to Rule 12(b)(6) it is not necessary to address the Defendants' other arguments in support of their Motion to Dismiss and we elect not to do so. Additionally, Defendants raised in their brief the argument that we should *sua sponte* dismiss Plaintiff's claims against the state of Ohio. It is not necessary to address the merits of this argument because we read neither the caption nor the allegations in the complaint to be alleging any claim against the State of Ohio. Additionally, a review of the docket shows that Twillie obtained a summons for "State of Ohio, Cleveland, F.B.I." and not for the "State of Ohio."